THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : 3:12-CR-227 |
| | : (JUDGE MARIANI) |
| RAFAEL POLONIA, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Pending before the Court is Defendant Rafael Polonia's Motion to correct and modify his sentence pursuant to 28 U.S.C. § 2255. (Doc. 46).

On March 5, 2012, a criminal complaint was filed against Defendant, alleging he knowingly received and distributed child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. 1). On September 4, 2012, Defendant entered a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. 30). Pursuant to the plea agreement, Defendant agreed to waive his right to indictment by grand jury and enter a plea of guilty to the charges in the information. (*Id.* at ¶ 1). The parties additionally agreed: "The defendant shall be sentenced within a range of no less than 96 months and no more than 132 months in prison, a life term of supervised release, a fine, if any, to be determined by the court, and a $100 special assessment." (*Id.* at ¶ 12). The agreement also contained an appeal waiver. (*Id.* at ¶ 24).

On September 17, 2012, Defendant entered a plea of guilty. (Doc. 36). On December 20, 2012, the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Defendant to a term of imprisonment of 124 months, followed by a lifetime of supervised release. (Doc. 42). Defendant did not file a direct appeal.

On April 16, 2018, Defendant filed a pro se motion to correct and modify his lifetime supervised release sentence pursuant to 28 U.S.C. § 2255. (Doc. 46). On June 29, 2018, the Government filed a response, opposing the Motion.

The parties have fully briefed the Motion and it is ripe for decision. For the reasons set forth below, the Court will deny Defendant's Motion. (Doc. 46).

## II. STANDARD OF REVIEW

In pertinent part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) (*abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012)) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997)). Relief is available under Section 2255 only under

2

exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, (1962).

Section 2255 also directs that, in some instances, the court "shall" hold an evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy,* 410 F.3d at 134 (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d at 545-46.

As a general rule, the petitioner has the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir.1977).

Ineffective assistance of counsel claims are properly raised on collateral review rather than on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (*citing Strickland*, 466 U.S. at 689-92). The petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

### III. ANALYSIS

In his Section 2255 Motion, Defendant asserts "[L]ifetime supervised release is unconstitutional on movant's first conviction under 18:2252(A)(2) of the Fed.R.Crim.P." (Doc. 46, at 1–2). Defendant further argues that his counsel's failure to object to the Presentence Report [hereinafter "PSR"] and the failure to appeal his lifetime sentence of supervised release constituted ineffective assistance of counsel. (Doc. 46, at 2–3). The Court will deny Defendant's petition because it is untimely, Defendant has not demonstrated his counsel was ineffective, and a lifetime sentence of supervised release is not unconstitutional.

Defendant's Motion must be denied because it is time-barred. Section 2255 provides in relevant part: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of the date on which the judgment of conviction becomes final." 28 USC § 2255(f)(1). Defendant's conviction became final on December 20, 2012. (Doc. 42). However, Defendant did not file the instant petition until April 16, 2018—more than five years after the conviction became final. (*See* Doc. 46).

Defendant argues, "Reasons movant not filing a timely petition attacking supervised release that he is not diligent of the law." (Doc. 46, at 2). The Court assumes that Defendant is arguing his case is subject to equitable tolling because he is a pro se petitioner.[1] Equitable tolling is only appropriate where a petitioner has "in some extraordinary way… been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). Filing a petition pro se or being unfamiliar with the legal process and statutes of limitations cannot excuse filing a Motion after the statute of limitations has expired. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618–19 (3d Cir. 1998) (holding a habeas petitioner must demonstrate he exercised "reasonable diligence" when filing and "mere excusable neglect is not sufficient" to justify equitable tolling); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 781 (D.N.J. 1998) (holding a habeas

---

[1] The Court notes it generally gives greater leeway to pro se litigants and will assume Defendant is arguing for the statute of limitations to be tolled. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993).

petitioner's lack of knowledge regarding the limitations period of § 2255 insufficient to justify equitable tolling).

Defendant's Motion, therefore, must be denied because it was unquestionably filed outside the statute of limitations.

Even if Defendant's petition was not time-barred, there is no basis to modify his sentence. Defendant asserts that his counsel provided ineffective assistance because counsel failed to raise objections to the PSR and failed to file a direct appeal. (Doc. 46, at 3). The Government argues Defendant's ineffective assistance claim is frivolous considering the Defendant entered a Rule 11(c)(1)(C) plea agreement. (Doc. 50, at 8). The Government further argues, "[T]he defendant's claim that lifetime supervised release is unconstitutional is meritless." (*Id.*). The Court agrees with the Government.

In order to demonstrate his counsel's performance was ineffective, Defendant must prove: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S at 687. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (holding the *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel). To show a counsel's performance was deficient, the petitioner must show counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. If a petitioner cannot

prove one of the prongs, the petitioner's ineffective assistance claim must fail. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

Here, the performance of Defendant's counsel was not deficient as it was an objectively reasonable decision not to object or appeal the lifetime supervised release sentence. Counsel had no grounds to object because Defendant knew he would be sentenced to lifetime supervised release and agreed to that term in his Rule 11(c)(1)(C) plea agreement.

> Federal Rule of Criminal Procedure 11(c)(1)(C) provides in relevant part:
>
> If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C). Once a court accepts a plea agreement under Rule 11(c)(1)(C), "it must be enforced at sentencing." *United States v. Bernard*, 373 F.3d 339, 345 (3d Cir. 2004).

Here, the parties stipulated to a sentencing range, including a lifetime of supervised release, and agreed to be bound by those terms in the Rule 11(c)(1)(C) plea agreement. The Court accepted the plea agreement and was bound to enforce the sentence therein. (Doc. 42). There was no basis to object to the lifetime supervised release sentence as it was clearly delineated in the plea agreement signed by Defendant. The agreement explicitly

states the parties stipulated to "a life term of supervised release." (*See* Doc. 30, at ¶ 12). Moreover, in a written and signed statement, Defendant agreed, "I further understand that the Judge could sentence me to a life term of supervised release which shall be served at the conclusion of and in addition to any term of imprisonment." (Doc. 31, at ¶ 2). Counsel's decision not to object to a sentence to which his client expressly assented does not constitute deficient performance.

Defendant argues that his counsel should have objected to or appealed his lifetime supervised release sentence as unconstitutional. (Doc. 46, at 2). However, such an objection is unsupported by the law. Section 3853(k) specifically authorizes a term of supervised release of "any term of years not less than 5, or life" for defendants convicted under Section 2252. 18 U.S.C. 3583(k). The Sentencing Guidelines likewise provide "the length of the term of supervised release shall be not less than the minimum term of years specified...and may be up to life, if the offense is a sex offense." U.S.S.G. § 5D1.2(b)(2). *See id.,* Application Note 1 (defining sex offense as "an offense, perpetrated against a minor, under Chapter 110 [of Title 18 of the United States Code]," which includes § 2252). Furthermore, the Sentencing Guidelines Policy Statement states, "If the instant offense of conviction is a sex offense... the statutory maximum term of supervised release is recommended." *Id.*

Additionally, the Third Circuit has consistently upheld lifetime supervised release sentences for defendants convicted of sex offenses. *See, e.g., United States v. Alander*,

331 F. App'x 913, 915 (3d Cir. 2009); *United States v. Proctor*, 281 F. App'x 72, 73 (3d Cir. 2008); *United States v. Kuchler*, 285 F. App'x 866, 870 (3d Cir. 2008). *See also United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008)("The district court was within its discretion to conclude that a lifetime term of supervised release was necessary to punish Daniels for his crime, to rehabilitate him, and to protect the public from future crimes by Daniels.").

Defendant's counsel would have had no basis to object to or appeal the sentence to lifetime supervised release. Counsel's decision not to object or appeal was not objectively unreasonable and therefore does not constitute ineffective assistance of counsel. Having found counsel's performance was not deficient, the Court need not address the second prong of the *Strickland* test.

In conclusion, Defendant's Section 2255 Motion must be denied because it has not been timely filed; and, even if it had been timely filed, Defendant has not met his burden to prove his ineffective assistance of counsel claim. Defendant's sentence to a lifetime of supervised release will not be modified.

The right to appeal the denial of a Section 2255 motion is governed by the requirements of Section 2253(c). 28 U.S.C. § 2253(c)(1)(B). Section 2253 also provides "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with

the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).

Here, Defendant has not demonstrated that he is entitled to a certificate of appealability. Jurists of reason would not disagree with this Court's resolution of Defendant's constitutional claim as his ineffective assistance of counsel claim is meritless and was filed after the statute of limitations expired. Accordingly, a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, this Court will deny Defendant's Motion under 28 U.S.C. § 2255. (Doc. 46). Defendant's petition is denied and a certificate of appealability will not issue. A separate Order follows.

Robert D. Mariani
United States District Judge